14-1700-cr
United States v. Blanco

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fourteen.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                          No. 14-1700-cr

ANDRES BLANCO,
                    *Defendant-Appellant*.[*]

------------------------------------------------------------------------

APPEARING FOR APPELLANT:    BRENDAN WHITE (Mitchell C. Elman, Esq., Port Washington, New York, *on the brief*), White & White, New York, New York.

APPEARING FOR APPELLEE:    DANIEL P. FILOR, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

Appeal from an order of the United States District Court for the Southern District of New York (Lisa Margaret Smith, *Magistrate Judge*; Nelson S. Román, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on May 22, 2014, is AFFIRMED.

Defendant Andres Blanco appeals from an order denying him bail pending trial on a charge of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(B). We review a district court's bail determination, including its findings of fact pertaining to risk of flight, danger to the community, and the adequacy of proposed bail conditions, for clear error. See United States v. English, 629 F.3d 311, 319 (2d Cir. 2011); United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995). We will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted). In applying these standards, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Pretrial detention may be ordered upon a showing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Factors relevant to this determination include (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the

2

person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Id. § 3142(g). Where, as here, a defendant is charged with a serious drug offense, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure" his appearance or "the safety of any other person and the community." Id.; see United States v. English, 629 F.3d at 319. Even with this presumption, however, "the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community, and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." United States v. English, 629 F.3d at 319 (internal quotation marks omitted).

Blanco contends that, despite this presumption, the district court could not here find a risk of flight or danger warranting detention because (1) he demonstrated strong family ties in the community through his wife, children, and mother, all of whom are United States citizens; (2) he proffered a substantial bail package, including a $700,000 bond secured by family residences; and (3) his crime did not involve violence and, in any event, (4) he agreed to electronic surveillance. Like the district court, we recognize that these factors warrant careful consideration. See United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). Nevertheless, we cannot firmly and definitely conclude that the district court erred in ordering detention in light of other factors demonstrating a risk of flight, notably (1) Blanco himself is a citizen not of the United States but of Colombia; (2) if convicted of

3

the charged conspiracy (on what appears to be strong evidence), Blanco faces a mandatory minimum prison sentence of five years, a possible maximum sentence of 40 years, and likely removal from the United States, factors providing him with a strong motive to flee before trial; (3) although Blanco appears not to have steady lawful employment, at times relevant to the charged conspiracy, he was driving an expensive sports car registered in his name, a circumstance raising questions as to financial resources; and (4) Blanco's criminal history reveals repeated failures to appear in court, resulting in the issuance of four bench warrants.  On this record, the district court acted well within its discretion in ordering bail based on the risk of flight.  We need not, therefore, consider whether a risk of danger to the community also supported detention.  See generally United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985) (recognizing that statutory concern is not limited to acts of violence, but also includes "the harm to society caused by narcotics trafficking").

Nor did Blanco's sleep apnea compel release on bail.  Blanco raised this chronic condition only in seeking reconsideration of detention, and he fails to demonstrate that the district court erred in finding that that it was not a "new" circumstance so as to support reconsideration.  See 18 U.S.C. § 3142(f)(2)(B) (providing that bail hearing may be reopened if court finds information exists material to issues of risk of flight or danger to community "that was not known to the movant at the time of the hearing").  Moreover, he fails to demonstrate clear error in the district court's finding that Blanco could receive adequate treatment for sleep apnea at the facility where he was detained.

4

We have considered Blanco's remaining arguments on appeal and conclude that they are without merit. Accordingly, the district court's order of pretrial detention is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

